UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| NANCY BECKWITH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:05-cv-66 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| DENSO CORPORATION, et al., | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |

This is a civil action filed *pro se* by plaintiff. Because plaintiff paid the applicable filing fee, her complaint was not subject to initial screening under 28 U.S.C. §1915. Plaintiff's complaint names two defendants: Denso Corporation ("Denso"), her employer, and Dennis Bietsch, a Denso employee "acting on behalf of Denso."[1] Plaintiff demands an award of $3,000,000.00 in monetary damages against defendants based on defendants' actions taken in response to an IRS Notice of Levy. Plaintiff's complaint consists of four counts: (1) deprivation of constitutional protection against a direct tax without apportionment; (2) violation of plaintiff's Fourth and Fifth Amendment rights; (3) violation of due process; and (4) breach of contract. The matter is now before the court on defendants' Rule 12(b)(6) motion to dismiss. (docket # 9). Upon review, I recommend that defendants' motion be granted.

---

[1] Defendants' motion and brief indicate that the corporate defendant's name is "Denso Manufacturing Michigan, Inc." and that the other defendant's name is spelled "Bietch."

**Applicable Standards**

Under Rule 12(b)(6), a complaint may be dismissed only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *See Cuno v. Daimler Chrysler, Inc.*, 386 F.3d 738, 742 (6th Cir. 2005); *Pratt v. Ventas, Inc.*, 365 F.3d 514, 519 (6th Cir. 2004). The court must construe the complaint in the light most favorable to plaintiff, accept all factual allegations as true, and determine whether it is established beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle her to relief. *See Montgomery v. Huntington Bank,* 346 F.3d 693, 698 (6th Cir. 2003); *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). While the standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See City of Monroe Employees Ret. Sys. v. Bridgestone, Inc.*, 399 F.3d 651, 665 (6th Cir. 2005); *Perry v. American Tobacco Co.*, 324 F.3d 845, 848 (6th Cir. 2003). Courts are not required to conjure up unpleaded allegations. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Hall v. Beast*, No. 03-6447, 2004 WL 2320347, at * 2 (6th Cir. Sept. 20, 2004). The court need not accept as true legal conclusions or unwarranted factual inferences. *See Booker v. GTE.net LLC*, 350 F.3d 515, 517 (6th Cir. 2003); *Gahafer v. Ford Motor Co.*, 328 F.3d 859, 861 (6th Cir. 2003). *Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, even the lenient treatment generally given *pro se* pleadings has its limits. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "In practice, a '. . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under <u>some</u> viable legal theory.'" *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991

F.2d 1236, 1240 (6th Cir. 1993); *see Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005); *Fidel v. Farley*, 392 F.3d 220, 226 (6th Cir. 2005).

Plaintiff elected to support her complaint with exhibits. Those exhibits have been considered in evaluating defendants' motion to dismiss, but have not converted the defendants' motion to dismiss into a motion for summary judgment. *See* FED. R. CIV. P. 10(c); *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) ("'In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account.'") (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)); *see also Never Tell Farm, LLC v. Airdrie Stud, Inc.*, No. 04-5134, 2005 WL 351135, at * 3 (6th Cir. Mar. 15, 2005).

## **Facts**

Plaintiff is Denso employee and has worked in its shipping department for approximately two years. In September 2004, the Internal Revenue Service served Denso with a Notice of Levy on plaintiff's wages, salary, and other income for taxes owed by plaintiff. (docket # 1, Ex. F). The notice advised Denso of the continuing levy and directed Denso to turn over to the IRS plaintiff's wages and salary that had been earned and not yet paid, as well as wages and salary earned in the future until the levy was released by the IRS. Contrary to repeated objections by plaintiff, defendants honored the IRS levy.[2] Plaintiff complains that after the levy was filed, her

---

[2] 28 U.S.C. § 6332(d) creates compelling financial reasons for the employer and its agents to comply with the IRS's continuous levy: "Any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered . . . together with costs and interest," and in addition, "shall be liable for a penalty equal to 50 percent

weekly take-home pay was reduced to approximately $151.00. Plaintiff does not allege that she sought or obtained a release of the levy from the IRS.[3] Plaintiff states that defendants turned over to the IRS a total of approximately $6000 of plaintiff's earnings.[4] Plaintiff does not allege taking any action to recover from the IRS this purported overpayment by her employer.

### **Discussion**

Plaintiff complains that defendants deprived her of a constitutional protection "against a direct tax without apportionment" under color of law; seized her property in violation of the 4th and 5th amendments; seized her property in violation of her due process rights; and breached a contract to pay plaintiff specified wages. Upon review, I find that defendants are clearly entitled to statutory immunity on all plaintiff's claims. *See* 26 U.S.C. § 6332(e). The statute states, in pertinent part, as follows:

> Any person in the possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) shall be discharged from any obligation or

of the amount recoverable . . . ."

---

[3]"The effect of a levy on salary or wages payable or received by a taxpayer shall be continuous from the date such levy is first made until such levy is released under section 6343." 26 U.S.C. § 6331(e); *see United States v. Jefferson Pilot Life Ins. Co.*, 49 F.3d 1020, 1022-23 (4th Cir. 1995). Defendants lacked authority to lift the levy. 26 U.S.C. § 6343.

[4]Although plaintiff's complaint and brief mention 26 U.S.C. §6331(h), plaintiff has not alleged that she received a "specified payment" within the definition of that term set forth in 26 U.S.C. §6331(h)(2), such that the limitation of "up to 15 percent of any specified payment" appearing in 26 U.S.C. §6331(h)(1) would apply. *See March v. United States*, 89 F. Supp. 2d 1171, 1178 (D. Haw. 2000)("The effect of section 6331(h) was to subject to continuous levy funds that previously, under section 6334, had been exempt from levy."). Even assuming that 26 U.S.C. § 6331(h)(1) somehow applied, it would not provide any basis for plaintiff's lawsuit against defendants.

> liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

26 U.S.C. § 6332(e). The United States Court of Appeals for the Sixth Circuit routinely dismisses lawsuits like plaintiff's founded on a defendant's compliance with the IRS's levy. *See Lawrence v. United States*, 99-1926, 2000 WL 1182452, at * 2 (6th Cir. Aug. 15, 2000)(awarding defendant $4000 in sanctions because plaintiff's appeal was frivolous); *State Bank of Fraser v. United States*, 861 F.2d 954, 958 (6th Cir. 1988); *Gregory v. Neydon*, No. 91-1232, 1991 WL 136440, at * 1 (6th Cir. July 25, 1991); *Purk v. United States*, Nos. 89-3789, 89-3790, 1990 WL 12188, at * 1 (6th Cir. Feb. 13, 1990); *Purk v. United States*, No. 89-3320, 1990 WL 10697, at * 2 (6th Cir. Feb. 9, 1990); *see also United States v. General Motors Corp.*, 929 F.2d 249, 251 (6th Cir. 1991); *accord Ryder v. Elliott*, 127 Fed. Appx. 960, 961 (9th Cir. 2005); *Fredyma v. Lake Sunapee Bank*, No. 98-1278, 1998 WL 1016150, at * 2 (1st Cir. Nov. 3, 1998); *Kane v. Capital Guardian Trust Co.*, 145 F.3d 1218, 1222 (10th Cir. 1998); *Hernandez v. Peacore*, No. 98-1029, 1998 WL 732807, at * 2 (10th Cir. Oct. 19, 1998); *Biegeleisen v. Ross*, No. 97-6336, 1998 WL 673189, at * 1 (2d Cir. Sept. 22, 1998). Defendants enjoy statutory immunity on any claim asserted under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), section 1983 or state law. *See Johnson v. American Tel. & Tel. Co.*, No. 96-1609, 1997 WL 144208, at * 1 (6th Cir. Mar. 27, 1997)(granting defendants' motion for sanctions of attorney's fees and double costs because the plaintiff's appeal was frivolous); *Edgar v. Inland Steel Co.*, 744 F.2d 1276, 1278 (7th Cir. 1984) (collecting cases). The defendants are entitled to statutory immunity on all plaintiff's claims.[5]

---

[5] Even assuming the IRS's levy had been issued in error, any challenge by plaintiff concerning the levy had to be brought against the IRS, not plaintiff's employer and co-workers. *See Howell v. Wayne County Airport Auth.*, No. 03-40183, 2004 WL 1535615, at * 2 (E.D. Mich. May 10, 2004); *State Farm Mut. Auto. Ins. Co. v. IRS*, No. 5:03-cv-1013, 2003 WL 22429275, at * 1

**Recommended Disposition**

For the foregoing reasons, I recommend that defendants' motion be granted and that plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted.

Dated:  August 23, 2005           /s/  Joseph G. Scoville
                                  United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

---

(N.D. Ohio Sept. 18, 2003); *see also Kaucky v. Southwest Airlines, Inc.*, 109 F.3d 349, 351-52 (7th Cir. 1997); *Jackson-Bey v. Brady*, Civ. A, No. 92-0404(RCL), 1992 WL 205094, at * 2 (D.D.C. Aug. 6, 1992).